DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DLJ MORTGAGE CAPITAL, INC.,     )
                                )
         Plaintiff,             )
                                )
         v.                     )    Civil No. 2016-85
                                )
ANA SHERIDAN, ROY SHERIDAN,     )
DEPARTMENT OF TREASURY-INTERNAL )
REVENUE SERVICE,                )
                                )
         Defendants.            )
                                )

ATTORNEYS:

**Matthew Reinhardt**
Quintairos, Prieto, Wood, & Boyer P.A.
St. Thomas, U.S.V.I.
  *For DLJ Mortgage Capital, Inc.,*

**Namosha Boykin**
The Boykin Law Firm
St. Thomas, U.S.V.I.
  *For Ana Sheridan and Roy Sheridan,*

**Francis E. Jackson JR**
Law Offices of Francis Jackson
St. Thomas, U.S.V.I.
  *For Ana Sheridan,*

**Gretchen Shappert, United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the Department of Treasury-Internal Revenue Service.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion to dismiss filed by Roy Sheridan.

DLJ Mortgage Capital, Inc., ("DLJ") "is a full-service national mortgage lender incorporated in the state of Delaware, with its principal place of business in New York." *See* ECF No. 1 at ¶ 4. On October 20, 2016, DLJ commenced a debt and foreclosure action against Ana Sheridan, Roy Sheridan, and the Department of Treasury-Internal Revenue Service.

On March 13, 2018, Roy Sheridan moved to dismiss the complaint in this matter. Roy Sheridan asserts that DLJ has not paid its last due annual franchise tax as required by 13 V.I.C. § 533 ("Section 533"), and as such, is not authorized to maintain this action. In support of his motion to dismiss, Roy Sheridan provided an email from the Office of the Lieutenant Governor. The email indicates that DLJ "is not in good standing" because it had not filed "[f]ranchise tax reports for June 30, 2014, 2015, 2016, & 2017." *See* ECF No. 82, Exh. 1 at 1.

DLJ filed an opposition to the motion to dismiss. In opposition, DLJ argues that Roy Sheridan has not submitted sufficient evidence to establish that DLJ did not pay its last due franchise tax. DLJ has not provided evidence that it paid any franchise tax, nor does DLJ assert that it has done so. DLJ also argues that, "to the extent that [DLJ]'s corporate status is in question, [DLJ] is entitled to 'a reasonable time to provide proof that arrangements have been made to pay any

delinquent franchise taxes once the matter is brought to the court's attention.'" *See* ECF No. 86 at 3 (quoting 13 V.I.C. § 533(a)).

Title 13, Section 531, of the Virgin Islands Code requires that "every foreign corporation qualified to do or doing business in the United States Virgin Islands" pay a franchise tax to the Government of the Virgin Islands.[1] 13 V.I.C. § 531(a). A corporation that fails to pay its franchise taxes cannot commence or maintain any action in court. *See* 13 V.I.C. § 533(a); *see also Polychrome Int'l Corp. v. Krigger,* 5 F.3d 1522, 1531 (3d Cir.1993). "[B]efore a pending case may be dismissed, a corporation shall be given a reasonable time to provide proof that arrangements have been made to pay any delinquent franchise taxes once the matter is brought to the court's attention." 13 V.I.C. § 533(a); s*ee also Holland Const., Inc. v. Kopko*, No. CIV. 2007-127, 2007 WL 4800151, at *1 (D.V.I. Dec. 10, 2007) ("[I]n almost all actions commenced or maintained by a corporation which has not paid its annual franchise tax last due, the corporation should be allowed a reasonable time within which to become reinstated as a corporation in good standing before dismissal under § 533(a) will be ordered." (internal

---

[1] "[B]anks, foreign banks . . . , and national banking associations" are not required to pay a franchise tax. *See* 13 V.I.C. § 535. DLJ does not argue that it is a bank, foreign bank, or national banking association.

quotation marks omitted)). If a corporation provides adequate proof that such arrangements have been made, "a pending case shall be allowed to proceed without being dismissed." 13 V.I.C. § 533(a).

The premises considered, it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number 81 is **DENIED** without prejudice; it is further

**ORDERED** that, to the extent it wishes to do so, DLJ shall file with the Court, no later than 3:00 P.M on May 11, 2018, appropriate documentation to show that it has made arrangements to pay its delinquent franchise taxes, as contemplated by Section 533(a); it is further

**ORDERED** that DLJ's failure to file such documentation on or before 3:00 P.M. on May 11, 2018, shall result in the dismissal of this matter; and it is further

**ORDERED** that the trial in this matter previously scheduled for May 7, 2018, is **RESCHEDULED** to commence promptly at 9:00 A.M. on June 18, 2018.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**