DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DLJ MORTGAGE CAPITAL, INC.,  )
                             )
        Plaintiff,            )
                             )
    v.                        )   Civil No. 2016-85
                             )
ANA SHERIDAN, ROY SHERIDAN,  )
DEPARTMENT OF TREASURY-INTERNAL )
REVENUE SERVICE,             )
                             )
        Defendants.           )
                             )

ATTORNEYS:

**Matthew Reinhardt**
Quintairos, Prieto, Wood, & Boyer P.A.
St. Thomas, U.S.V.I.
    *For DLJ Mortgage Capital, Inc.,*

**Namosha Boykin**
The Boykin Law Firm
St. Thomas, U.S.V.I.
    *For Ana Sheridan and Roy Sheridan,*

**Francis E. Jackson JR**
Law Offices of Francis Jackson
St. Thomas, U.S.V.I.
    *For Ana Sheridan,*

**Gretchen Shappert, United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the Department of Treasury-Internal Revenue Service.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Ana Sheridan to reopen discovery in this matter.

On October 20, 2016, DLJ Mortgage Capital, Inc., ("DLJ") commenced a debt and foreclosure action against Ana Sheridan, Roy Sheridan, and the Department of Treasury-Internal Revenue Service. DLJ alleges that on or about August 17, 2007, Roy Sheridan and Ana Sheridan (collectively, the "Sheridans") borrowed $725,000 from FirstBank Puerto Rico ("FirstBank"). The Sheridans executed and delivered to FirstBank a promisory note (the "Note") promising to repay FirstBank that sum with interest. The Sheridans also delivered to BNS a real estate mortage (the "Mortgage") encumbering certain real property (the "Property"). The Mortgage was subsequently assigned to DLJ.

On November 15, 2016, attorney Benjamin A. Currence ("Currence") entered an appearance on behalf of the Sheridans. On December 8, 2016, the Sheridans answered DLJ's complaint.

On January 10, 2017, the Magistrate Judge entered a scheduling order. The Magistrate Judge ordered that fact discovery was to be completed by June 1, 2017. All discovery was to be completed by September 1, 2017. The trial in this matter was originally scheduled for January 17, 2018. The trial was subsequently continued several times and is currently set to commence on June 18, 2018.

On February 2, 2018, DLJ moved for summary judgment.

On February 22, 2018, the Sheridan's filed a document captioned "Stipulation for Substitution of Counsel for Defendants Roy Sheridan and Ana Sheridan." *See* ECF No. 73. That document indicated that attorney Namosha Boykin ("Boykin") was replacing Currence as the Sheridan's attorney.

On April 18, 2018, attorney Francis E. Jackson, Jr., ("Jackson") entered an appearance on behalf of Ana Sheridan. On May 2, 2018, Ana Sheridan filed a motion to reopen discovery in this matter. Ana Sheridan asserted that Jackson "has personal knowledge of the fact that . . . Ana[] [Sheridan's] first counsel became suddenly and gravely ill in June 2017, which required his hospitalization. That illness and his recuperation therefrom likely affected his prosecution of this case." *See* ECF No. 95 at 1. Ana Sheridan asserted that she "needs to conduct some discovery to meaningfully respond to [DLJ]'s motion [for summary judgment] to flesh out the facts that will support an appropriate motion of her own." *See id.*

Under Federal Rule of Civil Procedure 16 ("Rule 16"), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The burden is on the moving party to show a modification is justified by good cause. *See, e.g.*, *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)

"Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (3d Cir. 2009) (internal quotation marks omitted); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("[The] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (quoting Fed. R. Civ. P. 16, advisory committee's note, 1983 amendments)). For this reason, the diligence of the party seeking the amendment is the "primary consideration" in determining whether good cause has been shown. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In addition, however, district courts may consider other relevant factors such as "futility, bad faith, . . . or undue prejudice to the opposing party." *See Holmes*, 568 F.3d at 335 (internal quotation marks omitted); *see also Kassner*, 496 F.3d at 244 (explaining that, in addition to diligence, a district court "may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants"). Generally, where there has not been a "change in the law, . . . newly discovered facts, or any other changed circumstances," a party will not be able to show good cause. *See Hartis v. Chicago Title Ins.*, 694 F.3d 935, 948 (8th Cir. 2012).

In *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96 (3d Cir. 2015), the plaintiff switched lawyers before trial and moved to modify the discovery order with respect to the discovery deadlines. *Id.* at 102. The plaintiff argued that the modification was justified by good cause because "its [new] counsel 'was unfamiliar with the case.'" *Id.* The district court denied the motion. *Id.* On appeal, the Third Circuit explained that, as a general rule, it "will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." *Id.* (internal quotation marks omitted) (quoting *Hewlett v. Davis,* 844 F.2d 109, 113 (3d Cir.1988)). In that case, the new "counsel's unfamiliarity with the case did not make it impossible to obtain evidence--more diligent discovery was certainly possible, albeit by previous counsel." *Id.*

Here, Ana Sheridan asserts that the illness of her previous attorney prevented him from completing discovery. Significantly, Ana Sheridan asserts that her previous attorney was not afflicted with this illness until sometime in June, 2017. The Magistrate's scheduling order set June 1, 2017, as the deadline

for completion of fact discovery. Ana Sheridan does not explain why her previous attorney was unable to complete discovery before this date. Under these circumstances, the Court finds that "more diligent discovery was certainly possible, albeit by previous counsel." *See Lehman Bros. Holdings*, 785 F.3d at 102. Accordingly, the Court holds that Ana Sheridan has not demonstrated that her proposed modification to the scheduling order is supported by good cause.

The premises considered, it is hereby

**ORDERED** that the motion to reopen discovery docketed at ECF Number 95 is **DENIED.**

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**