**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

DLJ MORTGAGE CAPITAL, INC.,     )
                     )
              Plaintiff,     )
                     )
              v.          )     Civil No. 2016-85
                     )
ANA SHERIDAN, ROY SHERIDAN,    )
DEPARTMENT OF TREASURY-INTERNAL )
REVENUE SERVICE,           )
                     )
             Defendants.    )
                     )

**ATTORNEYS:**


**Matthew Reinhardt**
Quintairos, Prieto, Wood, & Boyer P.A.
St. Thomas, U.S.V.I.
    *For DLJ Mortgage Capital, Inc.,*

**Namosha Boykin**
The Boykin Law Firm
St. Thomas, U.S.V.I.
    *For Ana Sheridan and Roy Sheridan,*

**Francis E. Jackson JR**
Law Offices of Francis Jackson
St. Thomas, U.S.V.I.
    *For Ana Sheridan,*

**Gretchen Shappert, United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the Department of Treasury-Internal Revenue Service.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the complaint of DLJ Mortgage Capital, Inc. A bench trial in this matter was held on June 18, 2018.

## I.  FACTUAL AND PROCEDURAL HISTORY

Based on the evidence adduced in this matter, the Court makes the following findings of fact:

1. Roy Sheridan and Ana Sheridan (collectively, the "Sheridans") are the record owners of property described as Parcel No. 14-117 Estate Frenchman's Bay, No. 4 Frenchman's Bay Quarter, St. Thomas, U.S. Virgin Islands, consisting of 0.694 U.S. Acre +/-, As shown on P.W.D. No. a9-176-T172; and Parcel No. 13B Norre Gade, Queens Quarter, St. Thomas, U.S. Virgin Islands, As shown on measure brief dated October 10, 1844 (collectively, the "Properties").

2. On or about August 17, 2007, the Sheridans borrowed $725,000 from FirstBank of Puerto Rico ("FirstBank").

3. On August 17, 2007, the Sheridans executed and delivered a promissory note (the "Note") to FirstBank in which they promised to pay FirstBank the principal sum of $725,000, plus interest at a rate of 8.125% per annum to be paid in monthly installments.

4. The Note provides that the Sheridans will be in default if they fail to make a monthly payment on its due date. The Note also provides that if the Sheridans fail to pay a monthly instalment, FirstBank could send the Sheridans written notice requiring them to make the overdue payment by a certain date. If the Sheridans failed to pay the instalment by that date, FirstBank could make the remaining principal and interest due and payable immediately.

5. On August 17, 2007, the Sheridans delivered to FirstBank a real estate mortgage (the "Mortgage") encumbering the Properties. The Mortgage is attached to the Properties. The Mortgage's terms give the holder the right to foreclose on the Properties in the event of a default on the Note.

6. On August 22, 2007, the Mortgage was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2007007224.

7. On or about September 14, 2009, the Sheridans executed and delivered to FirstBank an amendment to the Note in which they promised to pay to FirstBank the principal sum of $751,660.11.

8.  On September 14, 2009, the Sheridans delivered to
    FirstBank an amendment to the Mortgage securing payment of
    increased principal in the amended note.

9.  On October 1, 2009, the modification to the Mortgage was
    recorded at the Office of Recorder of Deeds for the
    District of St. Thomas and St. John as Document Number
    2009007209.

10. On December 9, 2011, the Sheridans executed and delivered
    to FirstBank a second amendment to the Note in which they
    promised to pay to FirstBank the principal sum of
    $768,654.77.

11. On December 13, 2011, the Sheridans delivered to FirstBank
    a second amendment to the Mortgage securing payment of the
    increased principal in the second amended note.

12. On August 31, 2012, the second modification to the
    Mortgage was recorded at the Office of Recorder of Deeds
    for the District of St. Thomas and St. John as Document
    Number 2012006036.

13. On June 20, 2013, the Note and Mortgage were assigned to
    DLJ Mortgage Capital, Inc. ("DLJ").

14. On July 10, 2013, the assignment was recorded at the
    Office of Recorder of Deeds for the District of St. Thomas
    and St. John as Document Number 2013005370.

15. The United States Department of Treasury, Internal Revenue
    Service ("IRS") holds a tax lien in the amount of
    $18,924.77 on the Properties.

16. On January 12, 2012, the IRS's tax lien on the Properties
    was recorded at the Office of Recorder of Deeds for the
    District of St. Thomas and St. John as Document Number
    2012000183.

17. On June 1, 2012, the Sheridans failed to make a monthly
    payment on the note and were in default on the Note. The
    Sheridans failed to make all subsequent monthly payments.

18. On May 13, 2015, DLJ sent the Sheridans written notice
    demanding payment of the overdue monthly instalments by
    June 12, 2015.

19. The Sheridans failed to pay the owed monthly instalments
    on June 12, 2015.

20. DLJ initiated this action against the Sheridans to enforce
    the terms and conditions of the Note and Mortgage.

21. The IRS was joined in the action.

22. The Sheridans are in default on the Note. As of April 4,
    2018, the Sheridans are in debt to DLJ in the principal
    amount of $766,210.54; plus interest in the amount of
    $255,405.53; escrow advances of $77,317.49; advances made
    on the Sheridans' behalf in the amount of $4,809; and

interest on the advances in the amount of $17.19. The

total amount of the Sheridans' indebtedness to DLJ is

$1,103,759.75. Interest continues to accrue at a rate of

$125.96 per diem from April 4, 2018, through the date of

Judgment.

## II.  DISCUSSION

To prevail on a debt and foreclosure claim, the plaintiff

must show that: (1) the debtor executed a promissory note and

mortgage; (2) the debtor is in default under the terms of the

note and mortgage; and (3) the lender is authorized to foreclose

on the property mortgaged as security for the note. *Thompson v.*

*Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The

facts found by the Court establish each of the elements for a

debt and foreclosure claim.

"When determining the priority of liens, the Virgin Islands

is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle*

*Bus. Devs., LLC*, No. 2012-0009, 2016 U.S. Dist. LEXIS 13498, at

*18 (D.V.I. Feb. 4, 2016). As such, an earlier recorded

instrument takes priority over a latter filed instrument. *See*

*Moco Inves., Inc. v. United States*, 362 Fed App'x 305, 309 (3d

Cir. 2010). DLJ recorded its mortgage on the Properties before

any other liens were recorded against the Properties. As such,

DLJ holds a first priority mortgage on the Properties. The IRS

holds a second priority mortgage on the Properties.

The premises considered, it is hereby

    **ORDERED** that **JUDGMENT** is entered in favor of DLJ; it is

further

    **ORDERED** that all pending motions are **MOOT**; it is further

    **ORDERED** that DLJ shall recover from the Sheridans the

principal amount of $766,210.54; plus interest in the amount of

$255,405.53; escrow advances of $77,317.49; advances made on the

Sheridans' behalf in the amount of $4,809; and interest on the

advances in the amount of $17.19. Interest continues to accrue

at a rate of $125.96 per diem from April 4, 2018, through the

date of Judgment; it is further

    **ORDERED** that the Mortgage is a first priority lien; it is

further

    **ORDERED** that the IRS's tax lien is a second priority lien;

it is further

    **ORDERED** that the Mortgage, and any liens

subsequent to it are hereby foreclosed; it is further

    **ORDERED** that the Properties shall be sold by the United

States Marshal according to law and the proceeds of such sale

shall be applied first to the expenses associated with any sale,

including but not limited to the costs of publication and the

commission assessed by the United States Marshal's Service

pursuant to Title 28, Section 1921 of the United States Code.

Second, the proceeds of such sale shall be applied toward

satisfaction of this Judgment in favor of DLJ, including any

costs and attorney's fees that may be awarded upon application

and any sums that may be paid by DLJ for insurance premiums,

taxes, and expenditures necessary to maintain the Properties

pending sale with interest from the date of any such payment.

Third, the proceeds of such sale shall be applied toward the

satisfaction of the IRS's tax lien. Pursuant to Title 5, Section

489(5) of the Virgin Islands Code, the surplus, if any,

remaining after application of the proceeds as provided above,

shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands

Code, notice of the Marshal's sale shall be posted for four

(4) weeks prior to the sale in a public place in or near

the Office of the Clerk of the Court; and published once a

week for at least four (4) consecutive weeks prior to the

sale in a newspaper regularly issued and of general

circulation in the U.S. Virgin Islands, which uses

newsprint. The notice shall describe the Properties as set

out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

a. The Properties shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

b. DLJ may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

c. The terms of the sale as to all other persons or parties bidding shall be cash.

d. The successful bidder on the Properties shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Properties; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Properties.

e. The United States Marshal shall make his report of the sale of the Properties within ten days from the date of the sale.

3. DLJ shall have any and all writs necessary to execute the terms of this Judgment.

4. The Sheridans shall be liable to DLJ for any deficiency remaining after the sale of the Properties.

S_____

**Curtis V. Gómez**
**District Judge**